IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| FLAVOR HOUSE PRODUCTS, INC., | ) | |
| A Delaware Company, and | ) | |
| HARVEST MANOR FARMS, LLC, | ) | |
| A Delaware Limited Liability Company | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 1:11-cv-753-WHA |
| v. | ) | (WO) |
| | ) | |
| INTERNATIONAL NUT ALLIANCE, | ) | |
| LLC, A New Jersey Limited Liability | ) | |
| Company, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>ORDER</u>**

Upon consideration of the evidence submitted in support of and in opposition to Defendant's Motion to Dismiss or in the Alternative Motion to Compel Arbitration and Stay (Doc. #13), the court notes that, while the affidavits of Michael Davis (Doc. # 25-1), John Runck (Doc. # 25-2), and Maria Arreola (Doc. # 25-3) contain acknowledgments before a notary public, the acknowledgments do not say that they were sworn to before the notary public.  Therefore, they are unsworn statements, and this prevents the court from properly considering them in its resolution of Defendant's Motion. *See Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) ("Because [the] affidavit was unsworn, it was not properly considered by the district court."); *see also Gordon v. Watson*, 622 F.2d 120, 123 (5th. Cir. 1980) (finding that an unsworn statement, even by a *pro se* litigant, should not be "consider[ed] in determining the propriety of summary

judgment.")[1].  Pursuant to Federal Rule of Civil Procedure 56(e)(1), the court will give the Plaintiffs until Monday May 7, 2012 to cure the defects in the affidavits, if they wish to do so.

Done this 30th day of April, 2012.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] The Eleventh Circuit adopted as precedent all Fifth Circuit opinions issued before November 3, 1981. *See Bonner v. City of Pritchard*, 661 F.2d 1206 (11th Cir.1981)